Opinion of the Court, delivered by
Ford, J.
The Trustees of the Baptist Society, in Am well, at Wurts’ corner, complain: That on the 1st of October, 1836, and at divers other days and times, the defendants broke and entered a certain meeting house or building erected for the pur *241 pose of public worship, situate &c. belonging to, and in the possession of the said trustees : and then and there broke to pieces the doors, windows, looks, bolts and hinges of said house &c. against the peace &c.
i'he defendants have pleaded three pleas, and issues have been joined on the first and second of them ; but to the third plea, the plaintiffs have demurred generally, and the defendants joined therein. This third plea is substantially as follows : That the said meeting house was erected by the supporters and persons having an interest therein, under articles of association, made the 22d of March, 1834, for the management, government and protection of said house; by which articles it was provided, that if at any time after the erection of said house, a Baptist church should be constituted and organized at said house, upon the doctrines and principles, and under the government and discipline of the Baptist churches as heretofore held and practised by them, then such church shall have the free use and occupation of said-house, and of all the property thereunto attached; and every member of said church shall thenceforward be deemed a regular-supporter of said institution, for all the purposes mentioned in. the said articles of association. The defendants then aver, that afterward, on the 1st of October, 1836, the said meeting house-was built, and a Baptist church constituted and organized at it, in the manner mentioned in said articles of association, and has ever since remained and continued and been held by the said “The Trustees of the Baptist meeting house in Amwell, at Wurts’ corner,” subject to the said articles of association. The defendants then aver, that at the several times mentioned in the declaration, meetings of the said Baptist church were convened at the said meeting house for the purpose of religious worship, and that the defendants, as members of the said Baptist church, attended the said meetings, and then and there peaceably entered-the said house, for the purpose of religious worship, as they lawfully might for the cause aforesaid, doing no unnecessary damage &c. which are the said several supposed trespasses whereof the plaintiffs complain &c. and this they are ready to verify &c.
The plaintiffs bring this action in their name of Trustees, and must be considered a corporate body, because their ability to sue as Trustees, is admitted by a plea pleading over, to the merits, *242 and therefore the court must consider them a corporation so far as this plea is concerned. How far the court will do so, when the cause comes to be tried on the general issue, is a matter not now to be considered.
By this plea, the meeting house is admitted to have been in the possession of the said Trustees, and under their management, government and protection, for the use of the Baptist church. These facts are not in dispute.
The plea in bar, then, discloses the following matter: That at the several times mentioned in the declaration, the defendants entered the said meeting house, “as members of the said Baptist church” under the articles of association, placing their right of entry, on the ground of membership, in which case, their membership should have been averred in clear and unequivocal terms, capable of being traversed and put in issue. Had it said that being members of that church, they entered as they had a right to do, membership would have been explicitly stated and more capable of being traversed and put in issue. A person may enter as or like a member, without being such. But I shall put my objections to this plea, on other grounds, and shall give no decided opinion on this point.
The defendants do not traverse or deny any of the acts charged in the declaration, as trespasses; and according to a settled rule in pleading, every fact not traversed or denied, is admitted to be true: they admit consequently all the facts charged as trespasses, and then justify those supposed trespasses by the following matter: That at the several times complained of in the declaration, meetings of the said Baptist church were convened at the said house, for religious worship, and these defendants, being members thereof, attended said meetings, and then and thero publicly entered said house, doing no unnecessary damage &c. which are the said several supposed trespasses whereof the plaintiffs complain against them. So the defendants admit, that they entered by breaking the locks, staving the windows, and breaking down the door of the house, but plead that s ¡ch entry was peaceable, and without doing unnecessary damage. They deny none of the facts stated, nor allege any new ones, but draw a conclusion, that the facts so stated and admitted constitute a peaceable entry. Now whether they constitute a *243 peaceable entry or not, is a question of mere law, and one by no means difficult to be answered. In themselves considered, they are trespasses constituting in law, a forcible and violent entry, and the plea stands condemned on the face of it. It assumes the bold principle, that an entry into the house of the plaintiffs, by breaking the locks, staving the windows and breaking down the doors of it, is a peaceable entry; which being utterly untenable, this branch of the plea constitutes no defence whatever. The other allegation, that the defendants did no unnecessary damage, assumes again the same bold principle, that an entry into the plaintiffs’ house, by breaking down the door and staving in the windows, (although some) is not unnecessary damage, whereas those acts are, in law, both unlawful and unnecessary damage, unless the plea show something to excuse and render them lawful and necessary. If the plea had stated, for instance, that the inside of the house was on fire, and the defendants burst in to extinguish it; or that the key of the door was lost, or unlawfully withholden from them, and they had no other way to get in for public worship; or that some persons within the house unlawfully and forcibly opposed their entrance by the door, and necessity obliged them to enter through the window, and when the opposing force inside rallied to the window, necessity obliged them to force an entry through the door, the allegation of such facts would have given some color of excuse or justification for the admitted voilence.
But if the plaintiffs pretend that the damage done was unnecessary, let them reply, it is said, de injuria sua- propria, absque tali causa, and try whether the damage was necessarily done or not; but the plea shows no cause for doing any damage, and such a replication would be insensible; the clause “without any such cause,” where none is stated in the plea, would be an absurdity; “ tali” would refer to nothing antecedent. The plea alleges no cause for doing violence or damage; it assumes a broad principle, that any member may enter the house for religious worship, by breaking the locks, staving open the windows and breaking down the door; and that such admitted acts will not be considered, in law, unnecessary damage; whereas such acts, on the face of them, are in legal contemplation, unnecessary and wanton damage. If acts which are injurious and unlawful in them *244 selves are to be admitted and justified, all the facts which rendered them justifiable must be set out in the plea. For this principle we need refer only to 3 chitt. pl. 168, notes k. l. & m.; and Gould pl. 367, sec. 112. Thus in assault and battery, the defendant cannot justify the battery, by pleading that he beat the plaintiff peaceably ; or broke his head without doing unnecessary damage ; he must set out some justifiable cause for doing those acts of violence ; as that in virtue of a legal warrant, he had arrested the plaintiff, who thereupon assaulted and beat the defendant, and would have done him great bodily harm ; whereupon the defendant struck and beat the plaintiff in self defence: or that the plaintiff refused to leave the defendant’s house, and resisted by striking the defendant several violent blows, and thereupon the defendant struck him in defence of his house and person, which are the same assaults and batteries whereof the plaintiff complains. No tortious act can be justified without stating some special matter to legalize it; that the court may see it to be a legal exouse or justification, if true. Such matter forms the very essence of a plea in bar, and it is none without it. But this plea sets out no matter of justification it leaves the case precisely as the declaration states it. It admits doing all the injurious acts and violence to the plaintiffs’ house, that are alleged, and shows no lawful authority or occasion for committing them ; therefore it contains no matter in bar of the action, and cannot be supported. Judgment on this plea must be for the plaintiffs.

Demurrer sustained.